IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239             *
       Plaintiff,
   v.                           *   CIVIL ACTION NO. ELH-15-1750

CASE MANAGEMENT IN NORTH        *
  BRANCH COR. INST. S. GAINER
LIBRARIAN, REBECCA HAMMONS      *
PRINCIPAL, LONNIE LEWIS
       Defendants.              *
                                  *****

MEMORANDUM

On June 15, 2015, Mich Aurel,[1] an inmate housed at the North Branch Correctional Institution ("NBCI"), filed this civil rights action under 42 U.S.C. § 1983. ECF 1. It is his fifteenth civil action filed in this court. Aurel, who seeks $1,000,000.00 in damages, contends that he is indigent and "needs a copy of may [sic] transcripts." ECF 1. He complains that his classification case manager and the NBCI librarian and principal denied him free copies of 2,401 pages of transcripts, and asserts that he has "the right to free copy . . . ." ECF 1 at 3.[2] Aurel's accompanying motion for leave to proceed in forma pauperis (ECF 2) shall be granted pursuant to 28 U.S.C. § 1915.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. That is also the name used by plaintiff in his court filings. Although it appears that plaintiff was prosecuted under the name Aurel Mich in the Maryland courts, I will refer to him by way of the DPSCS designation of Mich Aurel.

[2] Exhibits to the complaint indicate that the transcript pages encompass costs totalling $180.15 and were not copied by the NBCI librarian due to Aurel's indigency. Further, the NBCI principal indicated that as Aurel had access to the transcripts on a compact disc when he visits the NBCI library, he had no need for photocopies of the transcripts. ECF 1-1.

judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id.* at 31 (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (B) the action or appeal-
> >
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or ....

Thus, 28 U.S.C. § 1915(e) requires dismissal of an action, upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Fed. R. Civ. P. 12(b)(6). *See Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e) (2)(B)(ii)); *McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009).

I am mindful that pleadings submitted by self-represented litigants are liberally construed and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D.

Md.) (citation omitted), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Under procedure in this judicial district, a careful review has been made of Aurel's complaint, pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A. The court shall dismiss Aurel's complaint for failure to state a claim.

It bears noting that Aurel proceeded to trial with counsel in the Circuit Court for Montgomery County and was convicted by a jury of two counts of first- and second-degree murder in June 2003. *See State v. Mich*, Case No. 96244C (Circuit Court for Montgomery County) (copy attached). On December 4, 2003, he was sentenced to consecutive life terms. In 2004, the criminal judgment was affirmed by the Court of Special Appeals of Maryland and Aurel's petition for writ of certiorari was denied by the Court of Appeals of Maryland on August 12, 2005. On February 25, 2011, Aurel's petition for post-conviction relief, originally filed on May 26, 2006, was withdrawn. The petition, refiled on December 23, 2013, proceeded to a hearing with counsel on October 2, 2014, before Circuit Court Judge Terrence J. McGann, who denied the petition that same day and issued a statement of reasons for the denial on December 12, 2014. Aurel's application for leave to appeal remains pending before the Court of Special Appeals of Maryland.

Inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is

actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

Of import here, "prisoners do not do not have a right to free photocopies for use in lawsuits." *Kelly v. York Cnty. Prison,* 325 F. Appx. 144, 145 (3d Cir. 2009) (citations omitted); *Bell Bey v. Toombs,* No. 93–2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) ("[T]he law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services.") (citing *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989); *Wanninger v. Davenport,* 697 F.2d 992, 994 (11th Cir. 1983)).

Aurel has failed to set out a colorable access-to-courts claim. He does not have an unfettered constitutional right to free copy work in the absence of showing that defendants' one-time refusal to copy his transcripts prevented him from meeting deadlines, otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts. Aurel is represented in state court by counsel and does not indicate why and/or how the failure to provide him with a paper copy of the transcripts hinders him from directly or collaterally attacking his sentences. Further, he does not refute his own exhibits, which indicate that he has access to the transcripts on compact disc ("CD") available in the NBCI law library. Given these circumstances, the court finds that Aurel has failed to state a First Amendment access-to-courts claim.

Because Aurel's prisoner civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e). He is hereby notified that he may be barred from filing future suits

in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3]  This constitutes the first § 1915(e) strike to be assessed against Aurel.

A separate Order follows.

Date:  June 25, 2015                             _____/s/_____
                                                 Ellen L. Hollander
                                                 United States District Judge

---

[3] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.